IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WALTER ANTHONY HARRY                                                                                  PLAINTIFF

v.                                                              CIVIL ACTION NO. __2:23-cv-138-HSO-BWR__

THE LAMAR COUNTY SCHOOL DISTRICT                                                      DEFENDANTS
AND OFFICER JAMES GONZALEZ, individually

**ORIGINAL COMPLAINT**
**(Jury trial demanded)**

Walter Anthony Harry ("Plaintiff") through counsel presents his Original Complaint against The Lamar County School District and Officer James Gonzalez, individually, as follows:

**I.     PARTIES**

1.1     Walter Anthony Harry is an adult resident citizen of Lamar County, Mississippi.

1.2     The Lamar County School District is a political subdivision of the State of Mississippi and its main office is located at 424 Martin Luther King Drive, Purvis, Mississippi, 39475.  Dr. Steven Hampton is the current superintendent of the Lamar County School District and is legally authorized to accept service of process.

1.3     Officer James Gonzalez is a school resource officer who is employed by the Lamar County School District.  Mr. Gonzalez is an adult resident citizen of Lamar County, Mississippi, and may be served with process at 105 North McNair Street, Purvis, Mississippi, 39475-4027 or wherever he may be found.

## II.     JURISDICTION & VENUE

2.1     This Court has federal question jurisdiction under Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.  The Court also has supplemental jurisdiction under 28 U.S.C. § 1367.

2.2     Venue is proper in the Southern District of Mississippi, Eastern Division, under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Southern District of Mississippi, Eastern Division.

## III.     FACTS

3.1     Walter Anthony Harry, black, was an employee of the Lamar County School District (the "District"), working as defensive coordinator for the Lumberton High School Football Team.

3.2     The District regularly employs white employees to serve as coaches of the football team.  Mr. Harry is one of only a few black football coaches hired by the District.

3.3     Mr. Harry enjoyed his job working with the football team for eight years. He had only recently been promoted to the position of defensive coordinator.  A graduate of Lumberton, Mr. Harry greatly enjoyed being a positive influence in the lives of the football players and helping his community.  Mr. Harry also has two children that attend Lumberton and, as an active father, enjoyed watching his children participate in school activities such as band performances.

3.4     Officer James Gonzalez, hispanic, is a school resource officer and/or police officer for the District and worked at Lumberton.  Officer Gonzalez repeatedly harassed Mr. Harry, referring to Mr. Harry as a "bitch" on numerous occasions.  After the first instance, Mr. Harry informed Officer Gonzalez that he disliked being called a "bitch."  Officer Gonzalez was not deterred and continued to harass Mr. Harry in an attempt to elicit a response from Mr. Harry.

Mr. Harry repeatedly ignored this harassment and went about performing his job duties for the football team.

3.5    On August 26, 2022, after a football game between Purvis and Lumberton had ended, Mr. Harry was leaving the field and noticed that a gate was closed. The closed gate was preventing the fans from exiting through that gate. Mr. Harry said aloud, "Why did they close the gate?" Officer Gonzalez exclaimed, "Shut the fuck up!" in an obvious attempt to incite Mr. Harry. Mr. Harry asked people around if they had heard how Officer Gonzalez was cursing at him. Officer Gonzalez then tried to elicit a response from Mr. Harry by repeatedly saying "Do something! Do Something!"

3.6    In a use of clear excessive force, Officer Gonzalez then rushed Mr. Harry, pushed his forearm under Mr. Harry's neck, rammed Mr. Harry into a rail, and told Mr. Harry that he "was going to jail" and restrained Mr. Harry. Officer Gonzalez began growling at Mr. Harry while choking him. Scared for his life and under extreme duress, Mr. Harry ultimately defended himself against the excessive force used by Officer Gonzalez. During the attack, Mr. Harry felt dizzy and suffered extensive bruising to his neck and emotional distress as a proximate result of the excessive force.

3.7    After the altercation, the District suspended Mr. Harry, banned him from entering the school premises, and ultimately terminated his employment as defensive coordinator. Mr. Harry was not given any due process or allowed a hearing before his termination.

3.8    In contrast, Officer Gonzalez, who started the altercation, is still employed by the District, and received no punishment for his unlawful and excessive actions. The District ratified the unlawful actions of Officer Gonzalez.

3.9 Since the District terminated Mr. Harry's employment, the District hired a white defensive coordinator to replace Mr. Harry.

3.10 Not only did the District terminate Mr. Harry's employment and prevent him from coming to campus to attend his children's extracurricular activities, the District also threatened to pursue criminal charges against Mr. Harry if he did not sign a release of all civil claims he had against the school district.

3.11 Video footage of the altercation between Mr. Harry and Officer Gonzalez shows that Officer Gonzalez initiated the altercation and was the wrongdoer who acted in violation of Mr. Harry's civil rights. The District ignored this evidence and treated Officer Gonzalez more favorably than Mr. Harry because of Mr. Harry's race and replaced Mr. Harry with someone outside the protected class.

## IV. RACE DISCRIMINATION
## TITLE VII AND 42 U.S.C. § 1981
## (THE DISTRICT)

4.1 Mr. Harry incorporates all prior averments as if fully set forth herein.

4.2 Mr. Harry filed an EEOC charge and has received his right to sue letter, which is attached hereto as Exhibit A.

4.3 Mr. Harry, black, is a member of a protected class. He worked as the defensive coordinator for the Lumberton High School Football Team. He had a contractual relationship with the District under 42 U.S.C. § 1981. Mr. Harry was at all times qualified for his position to work as the defensive coordinator.

4.4 The District terminated Mr. Harry's employment, which constitutes an adverse employment action. The District had knowledge that Mr. Harry did not violate the school's policies or procedures but was instead attacked by Officer Gonzalez.

4.5 Mr. Harry's termination occurred under circumstances that give rise to an inference of discrimination. The District terminated Mr. Harry's employment because of his race in violation of his civil rights. The District's reason for terminating Mr. Harry's employment is a pretext for race discrimination.

4.6 The District replaced Mr. Harry with a white defensive coordinator. The District also refused to discipline Officer Gonzalez, hispanic. Similarly situated employees outside the protected class engaged in similar conduct and were treated more favorably than Mr. Harry in the terms and conditions of employment.

4.7 As a result of the District's violation of Mr. Harry's civil rights, Mr. Harry has suffered economic and non-economic damages. Mr. Harry has suffered extensive damages and extreme emotional distress that were proximately caused by the District's outrageous and unlawful race discrimination. These damages include, but are not limited to: loss of earnings and earning capacity, loss of benefits, mental anguish, emotional distress, loss of business opportunities, and loss of professional reputation.

## V. TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS (OFFICER GONZALEZ)

5.1 Mr. Harry incorporates all prior averments as if fully set forth herein.

5.2 Officer Gonzalez knew of Mr. Harry's contractual relationship with the District and intentionally and willfully sought to take actions to have Mr. Harry's contract ended by attempting to incite Mr. Harry to engage him and by attacking Mr. Harry and then casting blame on Mr. Harry for being the instigator of the altercation between Mr. Harry and Officer Gonzalez.

5.3 Officer Gonzalez's actions were intentional and willful and calculated to cause damage to Mr. Harry in his role as the defensive coordinator and employee of the District.

Officer Gonzalez's actions were done with malice and for the unlawful purpose of causing damage to Mr. Harry. Officer Gonzalez had no right or justifiable cause to attack Mr. Harry.

5.4     As a proximate contributing cause of Officer Gonzalez's actions, the District terminated Mr. Harry's employment and caused damages to Mr. Harry.

## VI. EXCESSIVE USE OF FORCE
## 42 U.S.C. § 1983
## (OFFICER GONZALEZ)

6.1     Mr. Harry incorporates all prior averments as if fully set forth herein.

6.2     The Lamar County School District Police Department employs full-time sworn police officers, and school safety officers, all of whom are assigned to schools throughout Lamar County. Officer Gonzalez is a school resource officer and/or police officer employed by the District.

6.3     42 U.S.C. § 1983 imposes liability upon any person who, acting under color of state law, deprives another of federally protected rights. 42 U.S.C. § 1983. Section 1983 affords a remedy to those who suffer as a result of state action deprivation of rights, privileges, or immunities secured by the Constitution and the laws of the United States.

6.4     Officer Gonzalez in his individual capacity violated Mr. Harry's Fourth Amendment prohibition on the use of excessive force.

6.5     Officer Gonzalez, acting under color of law, attacked Mr. Harry during an unlawful arrest and caused him to suffer an injury, including emotional distress and severe bruising on his neck. Mr. Harry's physical injuries resulted directly and only from Officer Gonzalez's excessive use of force.

6.6   Officer Gonzalez's use of force was objectively unreasonable. Mr. Harry was never engaged in criminal activity. Rather, he was attacked by Officer Gonzalez during an unlawful seizure in violation of Mr. Harry's constitutional rights.

### VII.   DAMAGES

7.1   **Lost Wages/Benefits.**  Plaintiff seeks lost wages, back and front pay, and lost employment benefits caused by the Defendant's discriminatory acts and omissions.

7.2   **Loss of Earning Capacity.**  Due to the conduct of Defendant, Plaintiff's earning capacity has been diminished due to the loss of opportunity to increase his salary and position in the workforce.

7.3   **Emotional Distress.**  As a result of the malicious, intentional, outrageous, reckless, and unjust treatment of Plaintiff by Defendant, Plaintiff has suffered emotional distress and has been severely embarrassed in the industry he worked in. Plaintiff is entitled to damages for emotional distress in an amount to be determined by the jury.

7.4   **Punitive Damages.**  As a result of the intentional, willful, and malicious conduct of Defendant and/or its gross and reckless disregard of Plaintiff's rights and in order to serve as an example and to prevent other such future conduct, Plaintiff is entitled to punitive damages against Defendant based on its net worth and other factors as instructed by the Court in an amount to be determined by the jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the District and against Officer Gonzalez, individually, in this matter for all damages available under the law, including compensatory and punitive damages, plus attorneys' fees, legal expenses, court costs, prejudgment interest, and post-judgment interest. Plaintiff further demands a jury trial.

This the 25th day of September, 2023.

                Respectfully submitted,

                WALTER ANTHONY HARRY

                By: */s/ E. Taylor Polk*
                     E. Taylor Polk

OF COUNSEL:
Michael A. Heilman (MSB No. 2223)
E. Taylor Polk (MSB No. 103653)
HEILMAN NISBETT POLK, P.A.
Meadowbrook Office Park
4266 I-55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914-1025
Facsimile: (601) 944-2915
mheilman@hnplawyers.com
tpolk@hnplawyers.com